## EMERSON v. EMERSON.

*(Supreme Court, General Term, Second Department. December 14, 1891.)*

DIVORCE—EVIDENCE—ADULTERY.

> In an action by a wife for divorce it appeared that defendant drank with a pros-
> titute in a saloon, left it in her company, returned in about an hour, and stated that
> he had had a nice time, and it had cost him a certain sum of money; that in his
> wife's absence from the city, he secretly entertained women at his home at night,
> and one morning thereafter a servant found the bed-clothing disarranged in an un-
> usual manner, wines, liquors, empty glasses, etc.; and that afterwards defendant
> stated that he had had an elegant time with women while his wife was away.
> *Held*, that these circumstances were sufficient to justify a finding that adulterous
> acts had been committed.

Appeal from special term, Kings county.

Action by Jennie Emerson against Frank H. Emerson for divorce on the
ground of adultery. A witness for plaintiff testified that defendant was often
at a certain drinking saloon frequented by lewd women; that the witness
there introduced him to a woman known to the witness to be a prostitute; that
they all drank together several times, and defendant left the saloon with her,
and, after an hour, returned, and said he had had a very nice time, and that
it cost him three dollars; and that at other times afterwards he was seen talk

ing with her. There was other testimony that previously, during plaintiff's absence from the city, defendant secretly received and entertained other women at his home, sometimes at night; and a servant testified that on several occasions she found in his room bottles of wine and whisky, with jellies and crackers, and plates and empty glasses on the table, and on one morning found also the bed-clothing disarranged in an unusual manner, and other articles in the room indicating improper sexual intercourse; and that defendant was very much excited by apprehension of her discovery thereof. Other witnesses testified to statements and conduct of defendant indicating a licentious disposition, and to his harsh treatment of plaintiff. In his own testimony, while he denied having committed adultery, he did not attempt to explain the incriminating circumstances. The court, on trial without a jury, rendered judgment for plaintiff. Defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*Gibson & Davis*, (*J. W. Ridgway* and *W. J. Gibson*, of counsel,) for appellant. *Dailey & Bell*, (*A. H. Dailey*, of counsel,) for respondent.

DYKMAN, J. This is an action for a divorce on the ground of adultery, brought by the wife against her husband. The trial was before a judge without a jury, and he found the defendant guilty, and granted the plaintiff an absolute divorce. The defendant has appealed from the judgment, and insists here, as he did upon the trial, that the evidence was insufficient to establish his guilt. A careful examination of the testimony conducts the mind to a conviction of the guilt of the defendant. There is no positive proof of any act of adultery, but the circumstances and facts developed by the testimony all point in one direction, and they are entirely inconsistent with the innocence of the defendant. Innocent and virtuous men, who entertain a proper regard for their marital obligations, do not voluntarily place themselves in the equivocal positions occupied by this defendant. They do not associate with prostitutes, and give secret entertainment to women in the night-time, in their own rooms, in the absence of their wives; and when such conduct is proven it leads irresistibly to a conclusion of guilt. Men do not violate their marriage vows openly. They commit their wrongs with companions of their secret hours and partners in their guilt, and positive proof is not often obtainable. In such cases, as in all others, therefore, resort may be had to circumstantial evidence, which is sometimes quite as satisfactory as positive proof. A full and careful examination of all the testimony leads us to the conclusion reached by the trial judge, and the judgment should be affirmed, with costs.